# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| KOREY L. BAKER, | : | |
| Petitioner, | : | Case No. 3:06cv00045 |
| vs. | : | District Judge Thomas M. Rose |
| | | Magistrate Judge Sharon L. Ovington |
| EDWIN VOORHIES, Warden,[1] | : | |
| Southern Ohio Correctional Facility, | | |
| | : | |
| Respondent. | | |
| | : | |

# REPORT AND RECOMMENDATION[2]

On March 12, 2009, the Court filed an Entry and Order Denying Petitioner Korey L. Baker's Petition For Writ Of Habeas Corpus With Prejudice And Terminating This Case. (Doc. #16).

Counsel for Petitioner has filed a presently pending Application For Certificate of Appealability. (Doc. #18). Respondent has not opposed or responded to Petitioner's Application.

## Applicable Standards

"A person seeking to appeal an adverse ruling in the district court on a petition for writ of habeas corpus ... must obtain a certificate of appealability before proceeding. 28

---

[1] Phillip Kerns is the current Warden of the Southern Ohio Correctional Facility, where Plaintiff is incarcerated. Kerns is therefore the proper Respondent in this case. For docketing continuity, the caption of the case remains the same.

[2] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

U.S.C. §2253 ... provides in pertinent part:

>  (c)
>
>  (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from –
>
>  >  (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court..;
>
>  (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
>  (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

*Dewitt v. Jackson*, 2009 WL 1851403 at *1 (S.D. Ohio 2009)(Merz, M.J.).

"District courts have the power to issue certificates of appealability under the AEDPA[3] in §2254 cases. *Lyons v. Ohio Adult Parole Authority,* 105 F.3d 1063 (6th Cir. 1997).... Issuance of blanket grants or denials of certificates of appealability is error, particularly if done before the petitioner requests a certificate. *Porterfield v. Bell,* 258 F.3d 484 (6th Cir.2001)...." *Dewitt*, 209 WL 1851403 at *1 (footnote added) (additional citations omitted).

"To obtain a certificate of appealability, a petitioner must show at least that 'jurists of reason would find it debatable whether the petition states a valid claim of denial of a constitutional right.' *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). That is, it must find that reasonable jurists would find the district court's assessment of the petitioner's constitutional claims debatable or wrong or because they warrant encouragement to proceed further. *Banks v. Dretke,* 540 U.S. 668, 705, 124 S.Ct. 1256, 157 L.Ed.2d 1166 (2004).... If the district court dismisses the petition on

---

[3] AEDPA refers to the Antiterrorism and Effective Death Penalty Act of 1996, 110 Stat. 1214.

procedural grounds without reaching the constitutional questions, the petitioner must also show that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack,* 529 U.S. at 484. The procedural issue should be decided first so as to avoid unnecessary constitutional rulings. *Slack,* 529 U.S. at 485, citing *Ashwander v. TVA,* 297 U.S. 288, 347, 56 S.Ct. 466, 80 L.Ed. 688 (1936) (Brandeis, J., concurring)." *Dewitt*, 2009 WL at 1851403 at *1.

The standard applicable to resolving whether a certificate of appealability should issue "is higher than the absence of frivolity required to permit an appeal to proceed in forma pauperis....

> [O]bviously the petitioner need not show that he should prevail on the merits ... Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further."

*Dewitt*, 2009 WL 1851403 at *2 (quoting *Barefoot v. Estelle*, 463 U.S. 893 n.4 (1983))(other citation omitted).

**Discussion**

Petitioner seeks a certificate of appealability on both Grounds for Relief he raised in his Petition for Writ of Habeas Corpus. His two Grounds for Relief asserted:

> **Ground One**: Korey Baker was deprived of his right to the effective assistance of appellate counsel, as guaranteed by the Fourteenth Amendment to the Constitution, based on appellate counsel's failure to raise a claim that Mr. Baker's sentence was imposed in contravention of the United States Constitution.
>
> **Ground Two**: Korey Baker's non-minimum and consecutive sentences were imposed in contravention of the Sixth Amendment to the United States Constitution.

(Doc. #18 at 4).

Petitioner's Application establishes that he is entitled to a certificate of

appealability on each Ground for Relief for several reasons.

First, Respondent has not opposed the Application, and consequently, the record contains no present dispute about the validity of Petitioner's Application.

Second, the Court's reasons for denying a Writ of Habeas Corpus on Petitioner's Ground One are reasonably debatable among jurists of reason, as seen in a comparison of the various analyses in the following cases: *Noland v. Hurley*, 523 F.Supp.2d 659, 669, 674 (S.D. Ohio 2007) (Watson, D.J.; Able, M.J.); *Villagarcia v. Warden*, 2007 WL 1028528 at *2-6 (S.D. Ohio 2007)(Frost, D.J.); *Shahan v. Jeffries*, 2007 WL 1432042 at *2-3, *11-13 (S.D. Ohio 2007)(Smith, D.J.; King, M.J.); *Benning v.Warden*, 2008 WL 339702 at *12-13 (S.D. Ohio 2008)(Dlott, D.J.; Merz, M.J.)(even if *Blakely* error occurred, such error was harmless).

Third, the Court's rejection of Petitioner's Ground One noted, in part that the United States Court of Appeals for the "Sixth Circuit remains undecided on whether the failure to raise a *Blakely* claim prior to *Foster* is ineffective assistance of counsel." (Doc. #16 at 7).[4]

Fourth, Petitioner correctly maintains that if he was provided constitutionally ineffective assistance of appellate counsel, then "cause" and prejudice would exist, thus excusing the procedural default identified in the Court's rejection of Petitioner's Second Ground for Relief. *See* Doc. #16 at 8-9; *see also Edwards v. Carpenter*, 529 U.S. 446, 451 (2000).

Accordingly, Petitioner's Application For Certificate of Appealability is well taken.

**IT IS THEREFORE RECOMMENDED THAT:**

Petitioner's Application For Certificate Of Appealability (Doc. #18) be

---

[4] Referring, of course, to *Blakely v. Washington*, 542 U.S. 296 (2004) and *State of Ohio v. Foster*, 109 Ohio St.3d 1, 845 N.E.2d 470 (2006).

GRANTED, and a certificate of appealability be issued on each of the following issues:

1. Whether Petitioner was deprived of his right to the effective assistance of appellate counsel, as guaranteed by the Fourteenth Amendment to the United States Constitution, based on appellate counsel's failure to raise a claim that Petitioner's sentence was imposed in contravention of the United States Constitution.

2. Whether Petitioner's non-minimum and consecutive sentences were imposed in contravention of the Sixth Amendment to the United States Constitution.


July 15, 2009

    s/Sharon L. Ovington
Sharon L. Ovington
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).